981 So.2d 51 (2008)
STATE of Louisiana
v.
Rance DUNBAR.
No. 2006-KA-1030.
Court of Appeal of Louisiana, Fourth Circuit.
March 19, 2008.
*52 Keva Landrum-Johnson, District Attorney, Graham L. Bosworth, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant, Rance Dunbar.
Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge ROLAND L. BELSOME.

(ON REMAND FROM THE SUPREME COURT OF LOUISIANA)
MAX N. TOBIAS JR., Judge.
On 26 February 2008, the Supreme Court of Louisiana in a per curiam decision,[1] remanded to this court this case for consideration of the defendant/appellant's (Rance Dunbar's) remaining assignments of error of which we had pretermitted discussion, to-wit: whether (1) the trial court erred in denying Rance Dunbar's motion to quash the habitual offender bill of information and (2) his twelve-year sentence at hard labor as a third-felony habitual offender is unconstitutionally excessive.

DISCUSSION
In the first pretermitted assignment of error, Rance Dunbar ("Dunbar") argues that the trial court erred in denying his motion to quash the habitual offender bill of information. The record does not contain a motion to quash or a docket master or minute entry indicating that one was filed. The record on appeal does not contain a motion to suppress the evidence, or a docket master or minute entry stating that such motion was filed, but does contain docket master and minute entries reflecting that the trial court set a date for, heard, and denied a motion to suppress the evidence. The last docket master and minute entries are dated 19 August 2005, on which date the habitual offender hearing was continued to 26 August 2005. The record does not contain a minute or docket master entry reflecting sentencing, which was on 26 August 2006, the date of the habitual offender hearing. The record on appeal contains the full transcript of the habitual offender hearing and sentencing, but the transcript does not reflect that a motion to quash the habitual offender bill of information was filed, heard, or ruled upon.
Nevertheless, in an abundance of caution, we discuss the denial of a motion to quash defendant's habitual offender hearing as if such motion had been filed and based on the argument Dunbar sets forth in his assignment of error.
Dunbar argues that his habitual offender bill of information should have been quashed because he was denied a jury trial on the issue of whether he was a habitual offender. His argument is that Louisiana's Habitual Offender Law, La. R.S. 15:529.1, unconstitutionally allows sentencing enhancement without a jury determination, under Shepard v. U.S., 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), which he argues "furthered" the U.S. Supreme Court's decision in Apprendi v. *53 New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [Emphasis added.] Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. This rule was recently reiterated in Blakely, supra, and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), cited by Dunbar in his argument. Apprendi clearly made an exception for prior convictions. That has not been changed. Under Apprendi and its progeny, neither a defendant's status as a habitual offender, nor the existence of prior convictions necessary to prove that status, was required to be submitted to a jury. This court rejected the same argument in State v. Smith, 05-0375 (La.App. 4 Cir. 7/20/05), 913 So.2d 836.
There is no merit to this assignment of error.
In Dunbar's final pretermitted assignment of error, he argues that his twelve-year sentence at hard labor as a third-felony habitual offender is unconstitutionally excessive. The trial court pronounced sentence and immediately noted an objectionobviously, as to the length of the sentenceon behalf of Dunbar, thus preserving his right to raise on appeal the issue of unconstitutional excessiveness.
Dunbar was convicted of the unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4, which provides for a fine of not more than five thousand dollars or imprisonment with or without hard labor for not more than ten years, or both. Dunbar was not fined. He was, however, adjudicated a third-felony habitual offender. Under La. R.S. 15:529.1 A(1)(b)(i), as a third-felony habitual offender with one prior felony conviction for accessory after the fact to carjacking and another for unauthorized entry of a place of business, Dunbar was subject to a sentence of imprisonment for a determinate term of not less than six years and four months, and not more than twenty years.
La. Const. art. I, § 20 explicitly prohibits excessive sentences; State v. Baxley, 94-2982, p. 4 (La.5/22/95), 656 So.2d 973, 977. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Courts have the power under La. Const. art. I, § 20 to declare to a sentence excessive, although it falls within the statutory limits provided by the legislature. Id., 97-1906, p. 6, 709 So.2d at 676. When a trial court determines a sentence from a carefully tailored penalty statute, there is a strong presumption that the sentence is constitutional. State v. Bunley, 00-0405, p. 24 (La.App. 4 Cir. 12/19/01), 805 So.2d 292, 308.
In reviewing a claim that a sentence is excessive, we generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189; State v. Robinson, 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. However, in State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not *54 rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
96-1214 at p. 10, 708 So.2d at 819.
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Court stated:
On appellate review of sentence, the only relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." State v. Wimberly, 414 So.2d 666, 672 (La.1982).
Id.
In the case at bar, the trial court gave three pages of reasons for sentencing the defendant. The trial court noted that Dunbar was driving the vehicle in question with no headlights, and then sped away at a high rate of speed once police signaled for him to pull over. The court noted that his conviction for unauthorized use of a movable was his second conviction involving a vehicle that was either taken without the owner's consent or was taken against the owner's will by force or intimidationa reference to his instant conviction and his prior conviction as an accessory after the fact to carjacking. The trial court noted the violation a crime victim feels upon reentering his or her vehicle for the first time after it has been unlawfully occupied by a criminal. Finally, the court noted that Dunbar had sworn an oath to God to tell the truth when he testified and did just the opposite, lying to the court and to the jury.
Dunbar was twenty-two years old at the time the offense. His twelve-year sentence amounted to sixty percent of the maximum twenty years he could have received. His last offense before being arrested for the instant one was unauthorized entry of a place of business, to which he pleaded guilty in September 2004, less than one year before he committed the instant offense in February 2005. He was convicted for being an accessory after the fact to carjacking in November 2002, when he would have been twenty years old. Carjacking, the intentional taking of a motor vehicle by the use of force or intimidation, is classified as a crime of violence. La. R.S. 14:2(13). Thus, Dunbar had one strike of the three necessary to have been sentenced to mandatory life imprisonment at hard labor as a third-felony habitual *55 offender pursuant to La. R.S. 15:529.1 A(b)(ii). We note that Dunbar recklessly sped through the streets of New Orleans, necessitating a police pursuit. He then fled from the vehicle, and had to be apprehended by a canine unit, presumably in some location where he was hiding from police.
In State v. Ignot, 29,745 (La.App. 2 Cir. 8/24/97), 701 So.2d 1001, the court found that a mandatory life sentence imposed on a third-felony habitual offender convicted of unauthorized use of a motor vehicle was not unconstitutionally excessive. The defendant, ten years older than our defendant in the case at bar, had been in prison for most of his adult life for a number of offenses, including his first conviction for manslaughter at age seventeen for which he served six years. The defendant's first offense upon his release from prison on parole for the manslaughter conviction was unauthorized use of a movable, for which he was convicted. He had subsequent convictions for disturbing the peace (twice), theft, trespassing, unauthorized of a movable (a motor vehicle), public intimidation, aggravated assault, and resisting arrest.
In the case at bar, considering all of the relevant factors, to-wit, Dunbar's age, his criminal history, and the circumstances of the instant offense, in light of the factors enunciated in La.C.Cr.P. art. 894.1, we do not find that Dunbar's sentence makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, or is grossly out of proportion to the severity of the crime. We do not find the defendant has rebutted the presumption that his sentence, well within the statutory sentencing range, is constitutional.
There is no merit to this assignment of error.

CONCLUSION
For the reasons assigned, Rance Dunbar's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] See State v. Dunbar, 07-0219 (La.2/26/08), 978 So.2d 899. This court's earlier opinion appears at State v. Dunbar, 06-1030 (La.App. 4 Cir. 1/10/07), 950 So.2d 872.