ROLAND L. BELSOME, Judge.
 

 ^^Defendant-Appellant Emanuel Randall appeals his adjudication as a quadruple offender under La. R.S. 15:529.1 and his sentence of life imprisonment. For the reasons that follow, we affirm the adjudication and sentence as amended.
 

 PROCEDURAL HISTORY OF THE
 
 CASE
 
 [1]
 

 On December 5, 2006, Defendant-Appellant Emanuel Randall was charged with possession of cocaine, a violation of La. R.S. 40:967(C), and was found guilty as charged by a six-person jury following trial on January 13, 2009. Defendant filed a motion for new trial on February 2, 2009, as well as a motion for appeal. The State filed a multiple bill of information. On March 13, 2009, Defendant pled not guilty to the multiple bill, and the trial court sentenced him to serve five years at hard labor in the custody of the Department of Corrections. On August 18, 2009, following remand from this Court, the trial court denied appellant’s motion for new trial. This Court subsequently affirmed the Defendant’s conviction, vacated his sentence, and remanded the matter for resentencing.
 
 State v. Randall
 
 (unpub.), 2009-0782 (La.App. 4 Cir. 12/16/09), 25 So.3d 1035.
 

 While the Defendant’s conviction and original sentence were on appeal, on November 3, 2009, the State filed a new
 
 *685
 
 multiple bill of information charging | ¡¡Defendant as a fourth offender. Defendant entered a plea of not guilty. On January 4, 2010 the court conducted a multiple offender hearing and found Defendant was a quadruple offender. The court vacated the previous sentence of March 13, 2009 and sentenced Defendant to life at hard labor without the benefit of probation, parole, or suspension of sentence, with credit for time served, to run consecutively with all other sentences.
 

 On January 5, 2010, this Court’s opinion vacating Defendant’s sentence and remanding for resentencing was filed into the district court. Accordingly, on January 19, 2010, the trial court vacated the sentences of March 13, 2009 and January 4, 2010 and resentenced Defendant as a fourth offender to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant orally filed a motion for an appeal, which was granted.
 

 ERRORS PATENT
 

 A review of the record evidences one error patent relative to the Defendant’s sentence. The minute entry dated January 19, 2010 reflects that the Defendant’s life sentence is to be served without the benefit of suspension of sentence. However, the transcript of January 19, 2010 reflects that the court imposed the life sentence without the benefit of probation, parole, or suspension of sentence. Where there is a discrepancy between a minute entry and the transcript, the transcript prevails.
 
 State v. Randall,
 
 2010-0027, p. 3 (La.App. 4 Cir. 10/27/10), 51 So.3d 799, 802;
 
 State v. Rideau,
 
 2005-0462, p. 34 (La.App. 4 Cir. 12/6/06), 947 So.2d 127, 147; and
 
 State v. Kirkling,
 
 2004-1906, pp. 9-10 (La.App. 4 Cir. 5/18/05), 904 So.2d 786, 792. While the multiple offender sentenced imposed Lunder La. R.S. 15:529.1 must be served without the benefit of probation or suspension of sentence, the statute does not provide that the sentence be served without the benefit of parole. La. R.S. 15:529.1(G). Furthermore, La. R.S. 40:967 C(2), which provides the sentence for possession of cocaine, does not provide that the sentence be served without the benefit of parole, probation, or suspension of sentence. Accordingly, the sentence imposed by the trial court is illegal.
 

 The matter is thus remanded to the trial court to amend the sentence and delete any reference to the denial of parole. The trial court shall furnish the Department of Corrections with a commitment form which reflects the amended sentence.
 
 [2]
 

 See State v. Randall,
 
 2010-0027, p. 14, 51 So.3d at 808.
 

 DISCUSSION
 

 In the first assignment of error, Defendant asserts that his life sentence is excessive. Although no motion to reconsider sentence was filed following either the January 4, 2009 or the January 19, 2009 sentencing, immediately after sentencing him each time, the trial court noted an objection on Defendant’s behalf. In
 
 State v. Every,
 
 2009-0721, pp. 6-7 (La.App. 4 Cir. 3/24/10), 35 So.3d 410, 416,
 
 writ denied,
 
 2010-0929 (La.11/19/10), 49 So.3d 397, this Court recognized that, under similar circumstances in
 
 State v. Dunbar,
 
 2006-1030, p. 3 (La.App. 4 Cir. 3/19/08), 981 So.2d 51, 53, the Court held that the trial court’s actions in
 
 sua sponte
 
 making an objection for the defendant served to effectively preserve the defendant’s right
 
 *686
 
 to raise on appeal the issue that his sentence was unconstitutionally excessive. Therefore, in this case, the trial court’s objection on 1 ¡¡Defendant's behalf sufficed to preserve for review, despite the Defendant’s failure to file a motion to reconsider sentence or enter an objection on his own behalf.
 

 Defendant in this case was sentenced to life imprisonment at hard labor, the maximum sentence under La. R.S. 15:529.1(A)(l)(c)(i), which provides in pertinent part:
 

 (c) if the fourth or subsequent felony is such that, upon a first conviction the appellant would be punishable by imprisonment for any term less than his natural life then:
 

 (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
 

 In
 
 State v. Every,
 
 this Court recognized the well-settled standard for reviewing a claim of an excessive sentence:
 

 In
 
 State v. Smith,
 
 01-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court set forth the following standards for reviewing a claim of excessive sentence:
 

 Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion.
 

 Id.
 
 (Internal citations omitted). The reviewing court must determine whether the district court adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case.
 
 State v. Soco,
 
 441 So.2d 719 (La.1983). If the reviewing court finds adequate compliance with Article 894.1, it must determine whether the sentence the district court imposed is too severe in light of the particular appellant as well as the particular circumstances of the case, “keeping in mind that maximum sentences should be reserved for the 1 ¿most egregious violators of the offense so charged.”
 
 State v. Landry,
 
 03-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239;
 
 see also State v. Bonicard,
 
 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
 

 State v. Every,
 
 2009-0721, pp. 7-8, 35 So.3d at 417. Likewise, “[wjhen the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even when there has not been full compliance with Article 894.1.”
 
 Id.
 
 (citing
 
 State v. Egana,
 
 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223).
 

 At the resentencing hearing on January 19, 2010, the trial court did not provide specific reasons for imposing the life sentence again. Instead, the court referred to the reasons it provided at the January 4, 2010 multiple offender sentencing, stating that they were being included in the “transcript verbatim, word-for-word, as if reiterated live on the record;” the court also incorporated the reasons it assigned at the original sentencing on March 13, 2009,
 
 *687
 
 again “verbatim, as if read into the record by the Court word-for-word.” The court noted that it had considered La. C. Cr. P. arts. 893 and 894, as well as the presen-tence investigation report, and subsequently imposed the life sentence.
 

 A review of the January 4, 2010 transcript reflects that the trial court stated that it reviewed the presentence investigation report and determined that Defendant was not a good candidate for a downward departure
 
 [3]
 
 from the mandatory minimum sentence. The trial court further determined that Defendant was not eligible for probation based upon his criminal record, which included convictions in 1990 and 1991 for possession of cocaine. The trial court acknowledged that Defendant had Jabeen given probation in the 1990 and 1991 convictions, but that on both occasions, his probation was revoked. The court recognized Defendant’s continuing problem with substance abuse, noting that in 1991 he had been sent to Odyssey House as a condition of his probation, which was subsequently revoked. Considering the foregoing, the trial court determined that Defendant had repeatedly failed to take advantage of the opportunities to overcome his addiction which had been afforded to him on numerous occasions by the courts.
 

 Next, the trial court reviewed Defendant’s violent criminal history and concluded that Defendant was a danger not only to himself, but also to others. Most notably, the trial court acknowledged that Defendant had already once received a life sentence, as Defendant had previously been convicted of second degree murder and sentenced to life imprisonment. The conviction was vacated on appeal and the matter remanded for further proceedings;
 
 [4]
 
 in a subsequent plea bargain with the district attorney’s office, Defendant pled guilty to manslaughter and received an eleven-year sentence with credit for time served. However, upon his release from prison for manslaughter, according to the trial court, Defendant “returned to his life of crime and substance abuse.”
 

 The trial court further stated that upon review of the provisions of La. C. Cr. P. arts. 893 and 894, the court had determined that there was an undue risk that Defendant would commit another crime; that Defendant was in need of | scorrectional treatment; and that a lesser sentence would deprecate the seriousness of Defendant’s crime. Additionally, the trial court noted that although possession of cocaine was arguably “a crime without a victim,” the real victim was Defendant,
 
 *688
 
 who was a danger to himself due to his “long-term chronic addiction to cocaine.” Significantly, the trial court concluded that Defendant “has proven that he is also a danger to others, in connection with this [sic] plea to manslaughter.” Finally, the court acknowledged Defendant’s extensive and significant criminal history, both as previously discussed by the court and as reflected in the presentence investigation report.
 

 A review of the transcript of January 4, 2010, incorporated by reference into the resentencing proceeding held on January 19, 2010, evidences that the trial court complied with the sentencing guidelines and considered both mitigating and aggravating circumstances. However, Defendant argues that his sentence is excessive because it far exceeds the sentences imposed upon other fourth offenders convicted of possession of cocaine.
 

 In support of this argument, Defendant cites cases in which the minimum sentence of twenty years was imposed. Notably, however, in none of the cited cases did the defendant therein have any prior felony convictions as violent as Defendant’s prior conviction. For example, in
 
 State v. Allen,
 
 2009-0813 (La.App. 4 Cir. 1/13/10), 30 So.3d 1024, the most serious of the predicate convictions was a second-degree battery. Likewise, in
 
 State v. Jones,
 
 2007-0533 (La.App. 4 Cir. 12/28/07), 975 So.2d 73, the defendant’s prior convictions were for simple robbery, illegal use of a weapon, and possession of cocaine. Additionally, in
 
 State
 
 9v.
 
 Briggs,
 
 2009-0148 (La.App. 4 Cir. 8/19/09), 19 So.3d 517,
 
 writ denied,
 
 2009-1964 (La.4/5/10), 31 So.3d 355, none of the defendant’s four offenses involved violence or crimes against the person. The three predicate offenses in
 
 Briggs
 
 were for possession of cocaine, theft of property valued between $100 and $500, and possession of stolen property, while the most recent offense was
 
 attempted
 
 possession of cocaine. Significantly, despite the non-violent criminal history and the arguably minor nature of the most recent offense, this Court rejected defendant Briggs’ argument that the minimum twenty-year sentence was constitutionally excessive. Similarly, in
 
 State v. Perkins,
 
 2008-0078 (La.App 4 Cir. 6/25/08), 988 So.2d 793, the sole issue was whether the trial court had jurisdiction to reduce the defendant’s minimum twenty-year sentence as a fourth offender to a ten-year sentence several years after the sentence had originally been imposed. This Court held that the trial court erred in failing to grant the State’s motion to reconsider sentence.
 

 In other circuits, in
 
 State v. Fleming,
 
 04-1218 (La.App. 5 Cir. 4/26/05), 902 So.2d 451, the Fifth Circuit upheld the defendant’s sentence of twenty years at hard labor. The defendant was convicted of possession of cocaine, adjudicated a fourth felony offender and sentenced to the mandatory minimum of twenty years without the benefit of parole, probation, or suspension of sentence. His prior convictions included robbery, felon in possession of a firearm, and burglary. Additionally, in
 
 State v. Lemon,
 
 08-619 (La.App. 5 Cir. 12/16/08), 3 So.3d 20, the court upheld a sentence of thirty-five years imposed upon a habitual offender whose convictions included one crime of violence, aggravated battery, and multiple convictions for possession of cocaine. The court rejected the defendant’s argument that the sentence imposed was disproportionate to the nature of the Imoffense being enhanced, which was another conviction for possession of cocaine, and upheld the sentence despite the trial court’s failure to give any reasons for the sentence imposed.
 

 Defendant also relies upon
 
 State v. Ealy,
 
 44,252 (La.App. 2 Cir. 5/13/09), 12 So.3d 1052,
 
 writ denied,
 
 2009-1393 (La.2/5/10),
 
 *689
 
 27 So.3d 298, in which a forty-year sentence imposed on a fourth offender convicted of aggravated battery was upheld by the Second Circuit. Finally, in
 
 State v. Johnson,
 
 43,302 (La.App. 2 Cir. 4/30/08), 982 So.2d 260, also relied upon by Defendant, the court upheld the imposition of the maximum life sentence imposed on the defendant who was adjudicated a fourth offender. Johnson’s current conviction was for simple possession of cocaine, as was Defendant’s conviction in this case. The Second Circuit recognized that the trial court had reviewed the reasons it had provided at an earlier sentencing in the case, the facts of the instant case, the defendant’s extensive criminal history, the defendant’s attitude to the police officers who arrested him for domestic violence, and the appropriateness of the multiple offender law in situations such as the one before the court. Although the defendant argued that a life sentence was excessive, considering that he was fifty years old and eight of his felony convictions were for non-violent offenses, the Second Circuit ultimately concluded that the record supported the sentence of life imprisonment.
 

 In this case, the trial court plainly considered a variety of factors in concluding that a life sentence was appropriate for Defendant. Most significantly, the trial court recognized the fact that a jury had previously found Defendant guilty of second degree murder by a jury, for which he was convicted and received a sentence of life imprisonment. Furthermore, according to the presentence Ininvestigation report, Defendant was subsequently arrested three times within four months for criminal trespass and for disturbing the peace. Two months later, he was arrested for possession of a firearm by a convicted felon; that charge was refused on December 28, 2005. Less than a year later, on February 5, 2006, Defendant was arrested for possession of cocaine. On July 11, 2007, Defendant was found guilty of attempted possession of cocaine.
 
 [5]
 

 In the interim, Defendant committed the instant offense on June 19, 2006. The presentence investigation report further reflects that in connection with the instant offense, Defendant was convicted of resisting an officer. In 2008, warrants were issued for Defendant in Jefferson Parish for domestic abuse battery and for harassment; the charges were still outstanding at the time that the report was prepared. Additionally, prior to his arrest for second degree murder, Defendant was also arrested multiple times for simple and aggravated battery and also armed robbery, although the charges were refused.
 

 Defendant, who was born in 1972, has a criminal history which dates back to 1989, when he was seventeen years of age. As the trial court acknowledged, Defendant has never successfully completed a period of probation or parole. While his first offenses were non-violent and apparently related to his substance abuse problem, Defendant sharply escalated to being convicted of second degree murder. Thereafter, despite an eleven-year period of incarceration,
 
 [6]
 
 he returned to 112a life of abusing
 
 *690
 
 drugs and
 
 committing numerous
 
 crimes upon his release from prison.
 

 Defendant contends that the trial court failed to give sufficient consideration to the testimony given by his father, Charles Tapp, at the sentencing hearing held on January 4, 2010. Mr. Tapp testified that he would support his son and that the Defendant’s mother was ill and needed her son. However, Mr. Tapp in his testimony suggested that Defendant’s life of crime was not his own fault, stating that Defendant was under his control as a teenager until he wént to live with his mother, who gave him more freedom. Mr. Tapp also stated that he did not think that his son “deserve [sic] a lot of the things that he’s getting.... So, I think he got a bad deal.” Mr. Tapp further testified that before Defendant was released following his guilty plea to manslaughter, he had not been given an education or guidance; “nothing [was] provided for him to readjust Mm.... And he was let back out on the streets, and there was no direction for him. And we tried to get him programs, but there was nothing ... they didn’t give him [any] opportunities to really better himself.”
 

 The trial coui't stated that it reviewed the provisions of La. C. Cr. P. arts. 893 and 894.1 in making its determinations. Additionally, it is unnecessary for a trial court to list every aggravating or mitigating factor, provided that the record demonstrates the court adequately considered the guidelines.
 
 State v. Smith,
 
 433 So.2d 688, 698 (La.1983). Accordingly, we find that the record evidences the trial court’s consideration of Mr. Tapp’s testimony in making its determinations. Additionally, it is well-settled that a trial court is vested with wide discretion in imposing a sentence within the statutory limits, and such sentence will not be set aside as excessive absent an abuse of discretion.
 
 State v. Williams,
 
 2003-3514, | ,sp. 14 (La.12/13/04), 893 So.2d 7, 16;
 
 State v. Every,
 
 2009-0721, pp. 7-8, 35 So.3d at 417. Considering the trial court’s aforementioned detailed and lengthy reasons for imposing the maximum sentence, as well as the court’s consideration of the provisions of La. C. Cr. P. arts. 893 and 894.1, we find that the court did not abuse its discretion in determining that Defendant is one of the most egregious offenders for whom maximum sentences are reserved.
 

 Defendant filed a
 
 pro se
 
 supplemental brief assigning two errors. In the first, he contends that at the multiple offender hearing the State failed to prove the dates of his discharge from his predicate offenses. At the hearing, defense counsel argued in particular that the State failed to prove that less than ten years elapsed between Defendant’s release from custody or supervision on the first two convictions listed in the multiple bill and his next conviction, for manslaughter, in 2004. Defense counsel agreed that less than ten years had elapsed between Defendant’s 2004 conviction for manslaughter and the instant offense, which occurred on June 19, 2006; nevertheless, he argued that the State had failed to prove that no ten-year period had elapsed between conviction and the end of the sentence for each of the offenses.
 

 In this case, the multiple bill filed by the State charged that Defendant had three convictions in addition to the conviction in the instant case:. (1) a conviction of possession of stolen auto valued at over $500.00 on September 7, 1990 in case number 344-978; (2) a conviction for possession of cocaine on February 6, 1991 in case number 340-376; and (3) a conviction for manslaughter on March 3, 2004 in case number 363-554. At the multiple bill hearing, the State introduced a complete certified “Pen Pack” from the Department of Corree-
 
 *691
 
 tions. This material contains the records of Defendant’s dates of convictions, dates of incarcerations, and 114discharges from custody and supervision. The records evidence that Defendant was physically in the custody of the Department of Corrections from January of 1996 until August of 2003. Defendant was also incarcerated in the Department of Corrections during the years 1993 and 1994 as a result of probation revocations in case numbers 340-376 (five-year sentence) and 344-978 (three-year sentence). The records further show that, on May 15, 1992, Defendant was arrested for second degree murder and was later convicted and sentenced to life imprisonment under case number 363-554. As previously noted herein, after the conviction and life sentence were vacated by this Court on appeal, Defendant entered a guilty plea to manslaughter and was sentenced to eleven years at hard labor, with credit for time served, on March 3, 2004.
 

 In computing the ten-year cleansing period, La. R.S. 15:529.1(C) provides that “any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.” The evidence submitted by the State at the multiple offender hearing established that Defendant was incarcerated for the majority of the years between the revocation of his probations in 1992 in the earliest two predicate convictions and when he committed the instant offense on February 5, 2006. The evidence also set forth Defendant’s release dates. The State thus established that Defendant was a quadruple offender.
 

 In his second and final pro
 
 se
 
 assignment of error, Defendant alternatively argues that, if this Court finds that his counsel did not adequately preserve his argument regarding the lack of proof of discharge dates, then he was denied the Ineffective assistance of counsel; however, the record evidences that Defendant’s counsel argued the issue to the trial court. Therefore, this argument lacks merit.
 

 CONCLUSION
 

 Defendant’s adjudication as a multiple offender is hereby affirmed. The sentence is amended to delete the prohibition on parole, and is affirmed as amended. Additionally, the trial court is directed to furnish the Department of Corrections with a commitment form reflecting the amended sentence.
 

 AFFIRMED AS AMENDED.
 

 [1]
 

 . The facts established at Defendant’s trial are not relevant to this appeal; the instant appeal is from a sentencing proceeding only.
 

 [2]
 

 .
 
 The record does not contain a commitment form for the January 19, 2010 sentence, although there are commitment forms in the record for the earlier sentences. Absent a commitment form, the minute entry is generally the document relied upon by the Department of Corrections to determine what sentence was imposed.
 

 [3]
 

 . At the January 4, 2010 hearing, the trial court stated that "[r]egarding [State v.] Dor[they], I have considered Dor[they] on more than one occasion, as it relates to Mr. Randall” and "rejected a downward departure under Dor[they] on his behalf” referencing the comments previously made by the court upon review of the pre-sentence investigation after Defendant’s 2009 conviction with regard to whether Defendant would be a good candidate for a downward departure.
 

 [4]
 

 . In the original appeal from the conviction for second degree murder on October 20, 1993, and the sentence of life imprisonment imposed on October 12, 1995, this Court in
 
 State v. Randall
 
 (unpub.), 98-1633 (La.App. 4 Cir. 7/26/00), 786 So.2d 979, conditionally affirmed Defendant's conviction and remanded the case to the trial court to determine whether a witness’ entire prior testimony was introduced at the trial. The trial court conducted an evidentiary hearing and determined that the witness' entire testimony was presented to the jury. In an out-of-time appeal from that ruling, this Court reversed the Defendant's conviction and remanded for further proceedings, finding that the trial court erred in admitting testimony from a co-defendant's trial, as Defendant was not afforded the opportunity to cross-examine the witness.
 
 State v. Randall,
 
 2002-0248, pp. 9-10 (La.App. 4 Cir. 10/16/02), 830 So.2d 1062, 1067-1068.
 

 [6]
 

 . According to the presentence investigation report. Defendant stated that he began using cocaine at age seventeen and had never completed a substance abuse treatment program.