ON REHEARING

LSCHOTT, Chief Judge.
We granted a rehearing in order to consider two points raised by the defendant. First, he provides the names of two witnesses he says will supply him with an alibi, and, second, he claims that the State failed to disclose Brady material to his prejudice.
As noted in the original opinion defendant had the opportunity to identify alibi witnesses at the hearing on the motion for a new trial and on the application for post-conviction relief. Only now, in his application for rehearing, does he supply the names of these witnesses, Jonathan Martin and Dowanda Martin, who he says will provide him with an 8:15 alibi. He states that Jonathan would testify that he (defendant) came to his house on the day of the robbery at 7:05-7:15 a.m. to see Jonathan’s son, Dwight; and that Dwight’s sister, Dowanda, would corroborate this testimony. Defendant further states that Dwight would testify that defendant was with him from 7:15 until noon.
*300 Defendant also shows that subpoenas were issued for Dwight Martin and Ray Sterling to testify at the trial and argues ineffectiveness of his trial counsel for failing to have these witnesses at the trial. Copies of these subpoenas supplied by ^defendant show that attempts were made to serve these witnesses with subpoenas for trial dates in 1995 but not for the actual trial date in January 1996. In any event, these documents establish that defendant intended to use these witnesses for the 9:15 alibi time, and his counsel knew about them long before he learned about-the 8:15 time on the day of the trial. Counsel’s so-called panic on the day of the trial had nothing to do with his failure to call these witnesses. We are not aware of what Sterling’s testimony would have been, but Dwight Martin, according to defendant, would have supplied an alibi for the entire morning of the crime. We can only conclude that defense counsel made a conscious decision not to call Dwight Martin well in advance of the trial, and that decision had nothing to do with the discrepancy in the time of the crime.
As to the late disclosure of the identity of the additional witnesses, Jonathan Martin and Dowanda Martin, Dwight Martin’s father and sister respectively, defendant obviously had plenty of time to identify these witnesses if he was in touch with Dwight. Defendant’s self serving assertion at this late date that these witnesses would help him with his 8:15 alibi is unconvincing and highly suspicious. The best explanation for this entire scenario is that Dwight Martin was not going to be a good witness for defendant at the very beginning, this was well known to defendant and his counsel long before the trial date, and these other witnesses who were close relatives living with Dwight would not be helpful either.
As to the claimed Brady violation this pertains to a supplemental police |4report containing the statement, “While detectives were interviewing the victim/cashier, Bernadette Washington, she informed the detectives that Green robbed her at gun point at the same store back in 1993.” Defendant argues that he could have impeached Washington had he known about her alleged previous experience with him. The record shows that back in March 1995, ten months before trial, at a motion hearing, defendant’s then appointed counsel asked the police witness wasn’t defendant identified by Washington as the same person who robbed her in 1993. Thus, defendant knew about this and would have learned nothing new from the supplemental police report. Parenthetically, we question that defendant’s case would have been strengthened had he given the jury the information about the other robbery.
We have concluded that defendant is simply trying to get another bite at the apple under the guise of ineffective assistance of counsel. He has failed to prove that the additional witnesses would be available or helpful or that, given a new trial, there is a reasonable probability that the result would be different than the first.
We reinstate our original opinion reversing the judgment of the trial court and denying defendant’s application for post-conviction relief.

ORIGINAL OPINION REINSTATED-, JUDGMENT REVERSED.

MURRAY, J., dissents with reasons.