806 So.2d 924 (2002)
STATE of Louisiana
v.
Nathan PERRON.
No. 2001-KA-0214.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2002.
Rehearing Denied February 28, 2002.
*925 Harry F. Connick, District Attorney, Donna R. Musselman, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
William R. Campbell, Jr., New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge DENNIS R. BAGNERIS, Sr., Judge TERRI F. LOVE.
LOVE, Judge.
Defendant appeals his conviction for possession of cocaine and a firearm and his sentence of 30 years at hard labor. For the following reasons, we affirm.
On April 9, 1999, defendant, Nathan Perron, was charged by bill of information with one count of possession of at least twenty-eight but less than two hundred grams of cocaine in violation of La. R.S. 40:967; one count of possession of a firearm having a barrel of less than eighteen inches in length, and/or having an overall length of less than twenty-six inches in violation of La. R.S. 40:1782; one count of *926 possession of a firearm with an obliterated serial number in violation of La. R.S. 40:1788; and one count of being a convicted felon in possession of a weapon in violation of La. R.S. 14:95.1.[1] The defendant pled not guilty to all charges at his arraignment on April 28, 1999. After a jury trial on September 22, 1999, the defendant was found guilty as charged on the narcotics charge and acquitted on the weapons charges under La. R.S. 40:1782 and 1788. The charge of being a convicted felon in possession of a weapon was severed from the other counts the morning of trial. The State nolle prosequied this count on November 8, 1999. On the same date, the trial court sentenced defendant to serve ten years at hard labor on the narcotics charge. Thereafter, on the same day, the trial court conducted a multiple bill hearing and the defendant was adjudicated a second felony offender. The trial court vacated the prior sentence and resentenced defendant to thirty years at hard labor. The trial court granted the defendant's motion for an out of time appeal.
On October 9, 1998, Detective Terry Wilson of the New Orleans Police Department obtained a search warrant for the residence located at 4743 Ray Avenue. The officer set up a surveillance of the residence prior to executing the warrant. A short time after the officer started his surveillance of the residence, the defendant arrived at the residence and entered the residence through the front door. Approximately five minutes later, another subject arrived at the residence and knocked at the door. The defendant answered the door and engaged in a brief conversation with the subject. The subject gave the defendant U.S. currency. The defendant left the subject standing at the door and walked into the residence. The defendant returned and handed the subject a small object. The subject then left the residence. A few minutes later, co-defendant James Coston arrived at the residence. Coston knocked on the front door, and the defendant admitted him into the residence. Detective Wilson decided, at this point, to execute the search warrant. Detective Wilson and the search team knocked and announced themselves. When there was no answer, the officers forcibly opened the door. Upon entering the residence, the officer observed the defendant and Coston standing in front of the sofa playing on a Playstation unit. The defendant immediately ran into the first bedroom and jumped on the bed. Officer Henry ran after and detained the defendant. Coston sat down on the sofa and was detained by Officer Duplantier. The officers noted a strong smell of marijuana in the house but no marijuana was found. Officer Duplantier found a plastic bag of crack cocaine on the side of the sofa where Coston was sitting. Officer Henry found a .25 caliber automatic weapon under the mattress upon which the defendant was lying. A systematic search of the residence was then conducted. Officer Keller located a scale in the kitchen. Detective Wilson found another plastic bag of cocaine in the frame of the bathroom linen closet. Officer Guilliard located a sawed off shotgun and a sawed off AK-47, both with obliterated serial numbers, in the attic. Documentation establishing the defendant's occupancy of the house was found in the bedroom. The officers located the defendant's marriage certificate and mail addressed to the defendant with the address of 4743 Ray Avenue on it.
*927 Officer Harry O'Neal of the New Orleans Police Department Crime Lab testified that the substances found in the house tested positive for cocaine and that the two bags together weighed over 144 grams.
Officer Richard Green, a firearms examiner, stated that he examined the sawed off shotgun and the sawed off AK-47. He testified that the length of the barrel of the shotgun, as well as the complete length of the weapon, was illegally short. The officer also noted that the sawed off AK-47 had an obliterated serial number which could not be restored.
Bernadette Carrierre, the owner of the residence at 4743 Ray Avenue, testified that she had rented the apartment to Chiquita Perron, the defendant's wife. Ms. Perron had been renting the apartment for two years prior to her marriage to the defendant. Ms. Carrierre stated that the defendant's name was not on the lease but that she thought he lived in the residence since his and Chiquita's marriage. Ms. Carrierre further stated that the attic had been painted over and sealed. The attic was still sealed the last time she went into the residence. However, she could not remember the date when she last went into the residence. She stated she would normally enter the residence twice a month for periodic inspections.
Chiquita Perron, the defendant's wife, stated that she and the defendant were married on September 11, 1998. However, the defendant moved out of the residence shortly after they were married because they had a huge fight and decided to separate. Ms. Perron stated that the defendant was living with his mother at the time of his arrest. She testified further that only she had a key to the residence. Ms. Perron stated that, on the day of the defendant's arrest, she gave her key to the defendant and asked him to go to the house and get some money for her. She was at the hospital with their baby who needed surgery and she needed money to get something to eat. She was later notified by a relative that the police were at her house. When she arrived home, the police were gone and the house was torn up.
James Coston testified that he received a call from the defendant from Chiquita's house and defendant asked him to come over. The defendant indicated that he had some time to kill. The witness stated that he went over to the house, and he and the defendant played on the Playstation. They were playing a game on the Playstation when the police broke through the front door. Coston denied any knowledge of the cocaine in the house. He stated that he did not see any cocaine. The witness acknowledged a prior conviction for second degree battery.

ERRORS PATENT
A review of the record reveals a patent error in the defendant's sentence. La. R.S. 40:967 prohibits the benefits of suspension of sentence, probation and parole until the minimum sentence has been served and requires the imposition of a fine of at least fifty thousand dollars in addition to a term of imprisonment. The trial court failed to state that the sentence was to be served without benefits for the first ten years and to impose a fine upon the defendant, therefore making defendant's sentence illegally lenient. However, on appeal this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986).

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends that the State failed to produce sufficient evidence to prove, beyond *928 a reasonable doubt, that he had possession, either actual or constructive, of the narcotics found in the residence.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant knowingly and intentionally possessed the contraband, here cocaine in the amount of at least twenty-eight but less than two hundred grams. La. R.S. 40:967. The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. See State v. Collins, 584 So.2d 356, 360 (La.App. 4 Cir.1991).
A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, 557 So.2d 1034, 1035 (La.App. 4 Cir.1990). A person may be deemed to be in joint possession of a drug which is in the physical possession of another if he willfully and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971). Determination of whether a defendant had constructive possession depends on the circumstances of each case. State v. Cann, 319 So.2d 396, 397 (La.1975). "In determining whether defendant exercised the requisite dominion and control the jury may consider his knowledge that illegal drugs are in the area, his relationship with one found to be in actual possession, his access to the area where drugs were found, his physical proximity to the drugs and the evidence that the area was frequented by drug users." State v. Reaux, 539 So.2d 105, 108 (La.App. 4 Cir.1989). See also State v. Williams, 594 So.2d 476 (La.App. 4 Cir.1992); State v. Kingsmill, 514 So.2d 599 (La.App. 4 Cir.1987); State v. Maresco, 495 So.2d 311 (La.App. 4 Cir. 1986).
The testimony of Detective Wilson was sufficient to prove that the defendant was in possession of the cocaine found in the residence. The officer stated that prior to executing the search warrant, he observed the defendant engage in a narcotics transaction from the residence. When the officers entered the residence, *929 the defendant immediately fled into the first bedroom. One bag of cocaine was found near the sofa in the front room. Another bag of cocaine was found in the frame of the bathroom linen closet. A scale was found in the kitchen. Weapons were found in the attic and under the mattress in the front bedroom. Documentation establishing that the defendant resided in the house was found in the bedroom. The officers retrieved the defendant's marriage certificate indicating that he and Chiquita were married on September 11, 1998, one month prior to his arrest. Additionally, the officers found mail addressed to the defendant with the address of 4743 Ray Avenue. The evidence proved that the defendant lived at the residence, knew that the narcotics were in the residence, and sold the narcotics from the residence. Such evidence was sufficient to prove that the defendant had possession of the cocaine found in the house. Further, Officer O'Neal testified that the substances found in the house tested positive for cocaine and weighed in excess of 144 grams. The State produced sufficient evidence, to prove beyond a reasonable doubt, that the defendant was guilty of possession of more than twenty-eight grams but less than two hundred grams of cocaine.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
The defendant also argues that the trial court imposed an unconstitutionally excessive sentence. The trial court sentenced the defendant to serve thirty years at hard labor, which was the minimum sentence the defendant could have received under La. R.S. 40:967 and La. R.S. 15:529.1. Further, a review of the appellate record reveals that the defendant did not object to the sentence or file a motion to reconsider to sentence. Therefore, the defendant has not preserved this issue for review on appeal. See La.C.Cr. P. article 881.1.
This assignment is without merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] James Coston was named as a co-defendant in the narcotics charge. Coston was acquitted after trial on September 22, 1999.