ROLAND L. BELSOME, Judge.
 

 11 The defendant, Gentry M. Sylvester, has filed this appeal to challenge the sufficiency of the evidence presented at trial in
 
 *290
 
 support his conviction. For the reasons that follow we affirm the conviction and sentence.
 

 On September 11, 2009, the state charged appellant with possession with intent to distribute cocaine. He entered a not guilty plea on September 28, 2009, and on December 16, 2009, thp district court found probable cause and denied the motions to suppress the evidence and statement. The appellant elected a bench trial and was found guilty of simple possession of cocaine. The district court denied the motions for new trial and for post-verdict judgment of acquittal.
 
 [1]
 
 Appellant was sentenced to,serve three years at hard labor, to run concurrently with any other sentence he may be serving.
 

 STATEMENT OF FACT
 

 On July 9, 2009, Detective Derrick Burke and other officers executed a warrant at 9809 Gentilly Boulevard at approximately 3:15 p.m. The location was a salvage yard containing cars, a large trailer that was like a residence, and a storage shed. When the detective arrived, Arthur Williams, Roy Nicholas, and Steve | ?Powell were in the front part of the yard. The three men were advised of their
 
 Miranda
 
 rights. Detective Burke asked Williams whether anyone else was present, and Williams indicated that appellant was inside the trailer.
 

 The officers knocked on the trailer door and announced themselves as police officers armed with a search warrant. The officers could hear movement, but no one opened the door; the officers forcefully entered the trailer. Appellant was found in the bedroom wearing only a pair of blue work pants. He was advised of his
 
 Miranda
 
 rights, and he indicated that he understood his rights. Appellant was then relocated to the front room of the trailer where the other three men were taken. All four men were again advised of their rights. Detective Burke asked whether appellant had a key to the storage shed; he advised the detective that Williams had a key.
 

 After retrieving the key from Williams, the detective and Sergeant Jeff Sislo searched the shed. They found a black magnetic box over the front doorway. Inside the box, they found four pieces of crack cocaine. The officers then began a systematic search of the trailer. In the kitchen, they found two more magnetic boxes containing white residue and a knife containing white residue on the kitchen countertop. Inside a drawer in the kitchen was a plate containing crack cocaine and a bag of marijuana. In the bedroom an officer found a large piece of crack cocaine weighing twenty-four grams inside a roll of plastic alongside the bed. Found in a drawer in the bedroom were an individually wrapped piece of crack cocaine, $437.00, a box of sandwich baggies, and three pieces of mail addressed to appellant.
 
 [2]
 
 Appellant was placed under arrest.
 

 lsThe parties entered a stipulation that the substances seized from the trailer and shed tested positive for cocaine and marijuana.
 

 Appellant’s wife, Denise Sylvester, testified that their marital address was 6332 Arts Street and that appellant receives mail there and sleeps there every night. She stated that the property on Gentilly Boulevard is in appellant’s name and that he has a key to the trailer located there.
 
 *291
 
 Ms. Sylvester indicated that they hoped to turn the trailer into a restaurant and bar.
 

 Steve Powell testified that he works for appellant. He indicated that he and the others that work for appellant each take a night guarding the property. Usually they kept watch from the bedroom of the trailer.
 
 [3]
 

 Tyronne Brustie also works for appellant and lives at the yard. He testified that people would come to the yard often to visit Arthur Williams and would only stay for a couple of minutes.
 
 [4]
 

 ERRORS PATENT
 

 A review of the record revealed that there were no errors patent.
 

 ASSIGNMENT OF ERROR BY COUNSEL
 

 By this assignment of error, counsel argues that the district court erred by denying appellant’s motion for new trial alleging that the verdict rendered was contrary to the law and evidence. Specifically, he argues that the state never established that he had possession of the crack cocaine because numerous people had access to the areas where the crack was recovered and no drugs were found on his person.
 

 |4The Supreme Court set forth the standard for determining a claim of insufficiency of evidence in
 
 State v. Brown,
 
 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18:
 

 When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.”
 
 State v. Neal,
 
 00-0674, (La.6/29/01) 796 So.2d 649, 657 (citing
 
 State v. Captville,
 
 448 So.2d 676, 678 (La.1984)).
 

 When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 requires that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
 
 Neal,
 
 796 So.2d at 657. Ultimately, all evidence, both direct and circumstantial must be sufficient under
 
 Jackson
 
 to prove guilt beyond a reasonable doubt to a rational jury.
 
 Id.
 
 (citing
 
 State v. Rosiere,
 
 488 So.2d 965, 968 (La.1986)).
 

 To support a conviction for possession of a controlled dangerous substance in violation of La. R.S. 40:967, the state must prove that the defendant knowingly and intentionally possessed the drug.
 
 State v. Perron,
 
 2001-0214, p. 6 (La.App. 4 Cir. 1/16/02), 806 So.2d 924, 928. The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction.
 
 Id.
 
 citing
 
 State v. Trahan,
 
 425 So.2d 1222, 1226 (La.1983). A person not in physical possession of narcotics may have constructive possession when the drugs are under that person’s dominion and control.
 
 Perron
 
 2001-0214, p. 6, 806 So.2d at 928 citing
 
 State v. Jackson,
 
 557 So.2d 1034, 1035 (La.App. 4 Cir.1990). Determination of whether a defendant had constructive possession depends on the circumstances of each case.
 
 Perron,
 
 
 *292
 

 20
 
 01-0214, p. 6, 806 So.2d at 928, citing
 
 State v. Cann,
 
 319 So.2d 396, 397 (La.1975). In determining whether defendant exercised the requisite dominion and control, factors which may be considered are his knowledge that illegal drugs are in the area, his relationship with one found to be in actual possession, his access to the area where drugs were found, his physical proximity to the drugs and the evidence that the area was frequented by drug users.
 
 Perron,
 
 2001-0214, pp. 6-7, 806 So.2d at 928, citing
 
 State v. Reaux,
 
 539 So.2d 105, 108 (La.App. 4 Cir.1989).
 

 In
 
 State v. Anderson,
 
 36,969 (La.App. 2 Cir. 4/9/03), 842 So.2d 1222, the court found that the evidence was sufficient to establish the defendant’s constructive possession of contraband found in a residence pursuant to a search warrant. The state introduced evidence of the defendant’s ownership of the residence, utility bills, uniforms with the defendant’s name on them, and photographs of the defendant.
 

 Also, in
 
 State v. Booth,
 
 98-2065 (La.App. 4 Cir. 10/20/99), 745 So.2d 737, this court found that the defendant had constructive possession of contraband found inside a residence after the defendant’s girlfriend was observed selling narcotics to an informant. The girlfriend was arrested and brought into the apartment, where the defendant was seated on the sofa. Narcotics were found in a wall-mounted space heater and inside a hat on top of a curio cabinet in the same room. A letter found in the apartment was addressed to the defendant and his girlfriend. Though the defendant testified that he lived at the apartment, he denied any knowledge of the narcotics found inside.
 

 Here, the state clearly established appellant’s ownership of the trailer and property where the narcotics were found. It also established that he came to the property frequently. Notably, appellant was the only one inside the trailer when |fithe search warrant was executed. He was found in the bedroom where drugs, a size-able amount of money, and plastic baggies were found alongside personal letters addressed to appellant in a drawer, the personal letters making it likely that he was aware of the drugs placed inside the drawer. Also, magnetic boxes and a knife containing trace amounts of cocaine were found on the kitchen counter; a plate containing cocaine and marijuana was found in a kitchen drawer. Appellant had easy access to all of these areas. Importantly, when the officers announced themselves, they heard movement inside the trailer, but appellant did not answer the door. His failure to answer the door when the officers announced themselves appears indicative of guilty knowledge.
 

 Though appellant was not found in physical possession of any narcotics, the jurisprudence cited above and the evidence establishes that he had constructive possession of the narcotics despite the fact that others had access to the area. Thus, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that appellant knowingly exercised dominion and control over the narcotics found on his property. Thus, this assignment of error is without merit.
 

 PRO SE ASSIGNMENT OF ERROR
 

 By this assignment of error, appellant asserts that the police report was falsified in some manner by Detective Burke and that the state was aware of the false evidence. The argument set forth by the appellant is not well articulated. It appears that he is challenging the search based on the language in the search warrant.
 

 Appellant implies that there is a smaller trailer in the front of the salvage yard that is gutted and lined with shelves containing
 
 *293
 
 tools. He seems to argue that 17this trailer was the subject of the search warrant and that he was not present in the trailer when it was searched. The larger main structure that is being turned into a restaurant and bar is on the other side of the property, and this is where he was located when the police arrived.
 

 As proof, appellant has provided the police report including the narrative section of that report; however, the police report was not introduced into evidence at trial and cannot be considered by this court on appeal.
 
 [5]
 

 See
 
 La.C.E art. 803(8)(b)(i).
 

 For the reasons discussed we affirm the appellant’s conviction and sentence.
 

 AFFIRMED.
 

 [1]
 

 . The record shows that another motion for new trial was filed and denied on May 13, 2010. A pro se pleading was filed subsequent to the motion for new trial filed by counsel.
 

 [2]
 

 . All three pieces of mail were from the Department of Public Safety, Office of Motor Vehicles, and were addressed to the Gentilly Boulevard address.
 

 [3]
 

 . Mr. Powell admitted having a conviction for possession with intent to distribute PCP and a conviction for possession of a crack pipe.
 

 [4]
 

 .
 
 Mr. Brustie admitted having a cocaine conviction and a burglary conviction.
 

 [5]
 

 . Only the first page of the report is part of the record.