588 So.2d 165 (1991)
STATE of Louisiana
v.
Leslie KARSTON.
No. 91-K-1134.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1991.
*166 Harry F. Connick, Dist. Atty., Ralph Brandt, Asst. Dist. Atty., New Orleans, for relator.
W. Kenneth Klein, Slidell, for respondent.
Before BYRNES, ARMSTRONG and BECKER, JJ.
BECKER, Judge.
On February 26, 1990, the defendant, Leslie Karston, was charged by two separate bills of information with distribution of marijuana, a violation of R.S. 40:966, and possession of cocaine, a violation of R.S. 40:967. The defendant filed a motion to suppress evidence on April 11, 1990. A hearing on this motion was held in both cases, after which the trial court granted the defendant's motion to suppress the evidence. It is from this ruling that the State now complains.
On January 15, 1990, Detectives Lewis Dabdoub and Lawrence Delsa spoke to a "concerned individual" who had not given information in the past, but "has proven himself to be truthful." This individual told the detectives that within the past three days he was inside 1350 Bourbon Street, apartment 9 and had observed narcotics being sold. The individual said that the occupant of the apartment, known to him as "Les", was selling marijuana and cocaine to customers and that he had purchased narcotics from Les within the past 72 hours.
Detective Delsa then attempted to corroborate this individual's information. He contacted a confidential informant who stated that he knew that Les sold narcotics but "has not dealt with him recently."
Shortly after learning of this information, at approximately 2:40 a.m., the detectives established surveillance at this location. The search warrant states "Detective Dabdoub affixed himself in a location where he would be able to [observe] any activity at the apartment or within the courtyard. Detective Delsa affixed himself where he would be able to watch any activity outside of the courtyard." Detective Dabdoub testified at the motion to suppress hearing that he pushed open a solid black gate which was unlocked in order to secure entry into the courtyard and in turn enter into this private apartment building. After entering, he went to the second floor of the apartment building and concealed himself on the floor of the second floor balcony to watch the activity below.
At approximately 3:15 a.m. a subject approached the gate to the courtyard and "stood in front of it as if he were waiting for someone or something." About five minutes later, a man, later identified as the defendant, exited apartment 9 and walked to the gate. The search warrant application then states "when he got to the gate, he opened it and allowed the white male that was waiting outside in. They held a brief conversation, and the subject that exited the apartment reached into his robe *167 pocket and handed the other subject a plastic bag containing a dark material. In return the other subject went into his pocket and in return gave him what appeared to be U.S. currency." The Detectives, believing that they had witnessed a narcotic transaction, obtained a search warrant for 1350 Bourbon Street, apartment number 9. The search warrant was executed at approximately at 4:55 a.m. and a large amount of marijuana was seized from the bedroom closet and the kitchen. Also found were two handguns and "numerous pieces of paraphanalia." The defendant, the occupant of this apartment, was then arrested.
The issue presented in the present writ application is whether Detective Dabdoub could enter a closed but unlocked gate to a private apartment complex courtyard to establish a surveillance during which Officer Dabdoub witnessed the defendant engage in a drug transaction without violating the defendant's reasonable expectation of privacy.
There is no question that Detective Dabdoub did not possess probable cause or even reasonable suspicion when he entered the apartment courtyard. The Detective received an anonymous tip, which was not corroborated with independent police surveillance. The informant was untested (i.e. his reliability was not established). Without more information the Detective could not constitutionally infringe on the defendant's Fourth Amendment right to be free from unreasonable searches and seizures.
However, not all intrusions onto private property infringe on a person's reasonable expectation of privacy. In State v. Ragsdale, 381 So.2d 492, 497 (La.1980), the Louisiana Supreme Court noted "the test for determining whether one has a reasonable expectation of privacy is not only whether the person has a reasonable or subjective expectation of privacy, but also whether that expectation is of a type which society at large is prepared to recognize as being reasonable."[1]
However, in the present case, the area from which Detective Dabdoub observed the alleged drug transaction was not open to the public but rather was a courtyard to a private apartment complex which was fenced off to the general public by a brick wall and a solid black gate. Thus the defendant, a tenant in the apartment complex, had a reasonable expectation of privacy in the area outside his apartment. This legitimate privacy interest was violated when Officer Dabdoub, without probable cause, opened the gate and entered the courtyard. Accordingly, the trial court was not in error in granting the defendant's motion to suppress the evidence.
WRIT DENIED.
NOTES
[1] For cases in which the courts have found the defendant did not have reasonable expedition of privacy see State v. Brown, 395 So.2d 1301 (La. 1981), unfenced driveway; State v. Dupuis, 378 So.2d 934 (La. 1979) unfenced field; State v. Hines, 323 So.2d 449 (La.1975) unfenced common yard of apartment complex.