DANIEL L. DYSART, Judge.
_JjJohn W. Dowdell appeals his conviction and sentence arguing that his motion to suppress evidence should have been granted, and that he did not plead guilty to a multiple bill. For the following reasons, we affirm his conviction and sentence, but order the trial court to amend the January 31, 2011, minute entry to delete any reference to a multiple bill or enhanced sentence.
PROCEDURAL BACKGROUND:
Defendant was charged with one count of illegal possession of stolen property valued over $500.00, a violation of La. R.S. 14:69 B(l)[1]. He pled not |2guilty. The State amended the bill of information add *1017 ing one count of possession of stolen property valued over $300.00, a violation of La. R.S. 14:69 B(2). The trial court denied the defendant’s motions to suppress the evidence and the statement, and thereafter defendant pled guilty to both counts pursuant to State v. Crosby, 338 So.2d 584 (1976).[2] Thereafter, defendant filed a pro se motion to withdraw his guilty plea arguing that his counsel was ineffective and that his plea agreement had been violated. Defendant’s motion was denied by the trial court.
This Court found no error in the judgment of the district court denying the defendant’s motion to withdraw his guilty plea. State v. Dowdell, 2009-0728, unpub. (La.App. 4 Cir. 11/03/09), writ denied, 2010-0158 (La.9/17/10), 45 So.3d 1040.
Defendant was sentenced to serve seven years at hard labor as to count one and to serve two years at hard labor as to count two. The sentences were ordered to run concurrently and concurrently with any other sentence he may be serving.[3] The district court subsequently denied the defendant’s pro se motion to correct an illegal sentence and for production of documents.
The defendant filed another pro se writ in which he sought a motion for out-of-time ^appeal and for production of documents. Because he was entitled to an appeal pursuant to State v. Crosby, supra, this Court granted the writ and transferred the defendant’s pleading to the district court as a motion for out-of-time appeal. The instant appeal was filed on behalf of the defendant by appointed counsel.
FACTUAL BACKGROUND:
Because defendant pled guilty pursuant to State v. Crosby, supra, the only factual testimony was given at the hearing on defendant’s motion to suppress.
New Orleans Police Department Detective Hal Amos testified that he investigated the burglary of a residence at 4601 Kendall Drive in New Orleans. The detective developed the defendant as a suspect, and obtained an arrest warrant for the defendant John Dowdell.
Two days later, as he was driving while off-duty, Detective Amos spotted the defendant. The detective exited his vehicle, approached the defendant, identified himself as a police officer (he was wearing a badge and had a gun), and directed the defendant to walk toward him. The defendant did not comply, and instead fled into a gutted and abandoned house. After requesting backup, Detective Amos and other officers entered the abandoned residence which was located at 4211 Dreux Avenue, where the defendant had fled.
After the defendant’s arrest and the seizure of numerous items, victims of two separate burglaries identified property seized inside the abandoned residence at 4211 Dreux Avenue. Detective Amos further determined that the residence was not owned by or leased to the defendant. DISCUSSION:
In his first assignment of error, the defendant argues that the State did not have a search warrant for the house where the stolen items were found or the consent of the owner to search. He claims that the validity of the arrest warrant was not established, and that since the arrest warrant was the basis . of the stop, the *1018 14evidence seized should have been suppressed. The defendant claims that no information was provided at the hearing to test the warrant, which was later admitted without testimony and without the trial court’s review prior to ruling.
The State argues that the defendant had no reasonable expectation of privacy and was not “adversely affected” by the alleged unlawful entry into a third person’s house to arrest him. In support the State relies on State v. Barrett, 408 So.2d 903 (La. 1981), which held the defendant was not so adversely affected by the alleged unlawful entry into a third person’s house to arrest him so as to require suppression of the evidence seized incidental to the arrest.
In Barrett, police received information that a parole violator, who had a warrant out for his arrest, was at the home of a third party. Without a search warrant, the police entered the home and seized evidence incidental to his arrest. On review, the paramount consideration by the Louisiana Supreme Court was that the defendant was the subject of an outstanding arrest warrant. Because the arrest warrant was sufficient under Payton v. New York, 445 U.S. 578, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), to enter into and arrest the defendant in his own house, the Louisiana Supreme Court held that the defendant was not entitled to greater protection from arrest in a third person’s house.
The State further argues that La. Code Crim. Proc. art. 202 provides that an arrest warrant application need only set out the nature, date, and place of the offense along with the name of the offender. The arrest warrant was introduced into evidence by the State without objection.
Although a defendant is entitled to protection from unreasonable searches and seizures under both the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution, these protections apply only if the ^defendant seeking to invoke them has a reasonable expectation of privacy. This Court set out the pertinent law in State v. McKinney, 93-1425, pp. 10-11 (La.App. 4 Cir. 5/17/94), 637 So.2d 1120,1125-26:
A defendant may not assert the exclusionary rule unless his constitutional right to be free from unreasonable searches and seizures, as guaranteed by the United States and Louisiana Constitutions, has been violated. To establish such a violation, the defendant must first show that he had a legitimate expectation of privacy in the area searched. U.S. v. Ibarra, 948 F.2d 903 (5th Cir. 1991). Whether a defendant has a constitutionally protected expectation of privacy involves a two part inquiry. A defendant must first show that he has a reasonable expectation of privacy in the area searched for the items seized. Second, a defendant must also show that society is prepared to accept the expectation of privacy as objectively reasonable. State v. Ragsdale, 381 So.2d 492, 497 (La.1980); State v. Karston, 588 So.2d 165 (La.App. 4th Cir.1991).
This Court has also held that a defendant retreating into the residence of a third party without that party’s permission has no reasonable expectation of privacy in that house. See State v. Bell, 2009-0574, pp. 11-12 (La.App. 4 Cir. 12/9/09), 28 So.3d 502, 510-511, writ denied, 2009-2819 (La.3/5/10), 28 So.3d 1005.
In the instant case, the trial court explained its denial of the motion to suppress the evidence as follows:
Based on the Officer’s testimony I find sufficient probable cause for the arrest of Mr. John Dowdell for possession of stolen property valued over $500.00. I think that based on the circumstances *1019 the Officer certainly had the right to arrest him for possession of stolen property considering he ran into the home where all of these stolen items were allegedly found.
The officer, who had an arrest warrant, legally pursued the defendant into the abandoned house. The defendant had no reasonable expectation of privacy in a third party’s house, and the trial court properly denied the motion to suppress.
In his second assignment of error the defendant argues that he pleaded guilty as charged with the understanding that the State would not file a multiple | fibill. He claims, and the State concedes, that the January 31, 2011 minute entry and the sentence of the court are erroneous. The State further concedes that the minute entry and sentence of the court should be amended to delete any reference to the defendant being multiple billed or sentenced as a multiple offender. The Boykin /sentencing transcript correctly indicates that the defendant was not sentenced as a multiple offender. Where there is a discrepancy between a minute entry and the transcript, the transcript prevails. State v. Randall, 2010-1027, p. 3 (La.App. 4 Cir. 6/22/11), 69 So.3d 683, 685, writ denied, 2011-1560 (La.1/13/12), 77 So.3d 952; State v. Rideau, 2005-0462, p. 34 (La.App. 4 Cir. 12/6/06), 947 So.2d 127, 147. The State and the defendant seek an order amending the January 31, 2011 minute entry and the sentence of the court to delete any reference to a multiple bill or to a multiple offender sentence.
CONCLUSION:
The defendant’s motion to suppress the evidence was properly denied. The defendant’s conviction is affirmed. The defendant’s sentence, as set out in the January 31, 2011 sentencing transcript, is also affirmed. However, the district court is ordered to amend the January 31, 2011 minute entry and “sentence of the court” to delete any reference to a multiple bill or to an enhanced sentence.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF RECORD

. The docket master mistakenly indicates that the charge was possession of stolen property valued over $1,500.00. The defendant was charged under the 2007 statute (prior to the 2010 amendment-2010 La. Acts, No. 585, § 1), which provided in pertinent part:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the value of the stolen things is three hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the value of the stolen things is less than three hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of receiving stolen things or illegal possession of stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.

. The plea was also entered in his best interest pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Although the docket master indicates that the defendant was multiple billed, no multiple bill was filed. See discussion under assignment of error number 2.